

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2006

# USA v. Laverde

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Laverde" (2006). *2006 Decisions*. Paper 1560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1392

———

UNITED STATES OF AMERICA

v.

JUAN PABLO LAVERDE,

Appellant.

———

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 04-463-01)
(Honorable Harold A. Ackerman, District Judge)

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 31, 2006

Before: MCKEE, VAN ANTWERPEN, and SILER[*], Circuit Judges.

(Filed: February 17, 2006)

———

OPINION OF THE COURT

———

---

[*]Honorable Eugene E. Siler, Jr., Circuit Judge for the United States Court of Appeals for the
Sixth Circuit, sitting by designation.

SILER, Circuit Judge.

Defendant Juan Pablo Laverde appeals two concurrent 108 month sentences pursuant to his plea of guilty to conspiracy to launder proceeds of narcotics transactions, 18 U.S.C. §1956(h), and possession of more than 500 grams of cocaine with intent to distribute, 21 U.S.C. § 841(a). Laverde argues his sentence should be vacated because (1) the district court failed to properly calculate the United States Sentencing Guidelines (USSG) level when it found, inter alia, that he did not qualify for safety valve treatment under 18 U.S.C. § 3553(f) and USSG § 5C1.2; and (2) his sentence was unreasonable in light of United States v. Booker, 543 U.S. 220 (2005).

The United States concedes that the district court erroneously concluded that the safety valve reduction below the mandatory minimum sentence was abrogated. See United States v. Miller, 417 F.3d 358, 362 (3d Cir. 2005) (Booker's abrogation limited to 18 U.S.C. §§ 3553(b)(1) and 3742(e)). The United States further agrees that the erroneous application of the safety valve warrants remand and re-sentencing. Moreover, a determination of safety valve eligibility should be limited to the language of 18 U.S.C. § 3553(f)(1)-(5). As this sentence must be vacated and remanded for re-sentencing, we need not provide a discussion of reasonableness. See, e.g., United States v. Pojilenko, 416 F.3d 243, 246 (3d Cir. 2005) (remanding for re-sentencing under Booker effectively delaying reasonableness review until a new sentence is entered).

As an ancillary matter, Laverde does not demonstrate bias to justify assignment to a different judge on remand, so his request is denied. United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994). We also note that Laverde challenges only his sentence here, not his conviction.

Accordingly, we VACATE the judgment of sentence and REMAND for re-sentencing.